FRUGÉ, Judge.
The plaintiff sued to recover property •damage to his 1963 Volkswagen automobile resulting from a one car accident in the early morning hours of July 18, 1965. The defendants are Rasberry and Clarke, Inc., a highway construction firm engaged by the Department of Highways to repair the section of road on which the accident occurred, and The Insurance Company of North America, Rasberry and Clarke’s liability insurer. The accident occurred when William Ward, the minor son of the plaintiff and the sole occupant of the Volkswagen, failed to negotiate a 90-degree turn in the highway, plunging the automobile through a shallow ditch and into a nearby field. As stated above, the plaintiff’s petition does not allege that the driver of the Volkswagen suffered personal injuries, and the suit is thus limited to a demand for property damages to the automobile.
Plaintiff alleges that Rasberry and Clarke, Inc. had the custody and control of the section of Louisiana Highway 95 where the accident occurred, by virtue of its contract with the Department of Highways to repair and blacktop said highway. He further alleges that, though the defendant contractor erected warning signs and speed limit signs at each end of the segment under construction, the defendant’s failure to sign the 90-degree curve at the scene of the accident constituted actionable negligence, which negligence was the proximate cause of the accident. The defendant denied any negligence on its part and, in the alternative, urged as a defense that the plaintiff’s minor son was guilty of contributory negligence. The trial judge found the driver of the Volkswagen contributorily negligent and dismissed the plaintiff’s suit on that basis. From this adverse judgment the plaintiff has appealed, urging that the lower court committed error in failing to find that the defendant was negligent and in finding that the plaintiff’s minor son was contributorily negligent.
As did the trial judge, we pretermit any discussion of the defendant-contractor’s negligence and proceed forthwith to a discussion of the issue of the contributory negligence of William Ward, the minor son of the plaintiff.
At the time of the accident young Ward was alone in the Volkswagen and was returning to his home in Mamou from an evening date in Lafayette, Louisiana, some 50 or 60 miles distant. The accident occurred at approximately 1:30 A.M. on a winding rural road between Chataignier, Louisiana, and Mamou, Louisiana. At that time a segment of the road was under contract to the defendant, Rasberry and Clarke, Inc., and at each end of the project roadside barriers and warning signs were erected, with a posted speed limit of 45 miles per hour on the portion under construction. Though he did not recall seeing the signs at the beginning of the construction project, William Ward testified that he knew that the road was under construction since he *329 had ridden with another person over that same stretch of road some three or four weeks prior to the accident.
Travel on the portion of road under construction was rendered especially hazardous on the night in question because visibility was reduced by a heavy cover of fog. In fact, when queried about the density of the fog and its effect on visibility, the Ward youth testified that because of the fog he could see “no more than thirty feet” ahead of his vehicle (Tr. p. 33). He further testified that during his return trip he was proceeding at an average speed of 55 miles per hour, but reduced his speed to 45 miles per hour when he entered the area under construction. As far as we can determine, the Volkswagen was still traveling at that speed when William Ward failed to negotiate the curve.
Assuming that young Ward’s testimony of the visibility on the night in question is correct, and without engaging in an exercise in mathematics, we note that the Volkswagen, at 45 miles per hour, was traveling at a rate of 66 feet per second. Given an average driver reaction time of slightly less than one second, it is apparent that had any sort of obstacle appeared, at that speed the driver would not have had time to even apply his foot to the brakes before collision. Perhaps some justification for this rate of speed might be found if this accident had occurred on a modern multi-lane highway designed for high speed travel. [See the majority and dissenting opinions in Hernandez v. State Farm Automobile Ins. Co., 192 So.2d 679 (La.App. 3d Cir. 1966).] But to proceed at such a rate under conditions of reduced visibility on a winding country road which is under construction is, in our view, the clearest sort of contributory negligence. See Larocca v. Aetna Cas. Ins. Co., 181 So.2d 482 (La.App. 1st Cir. 1965); Moses v. Moseley, 146 So.2d 263 (La.App. 3d Cir. 1962).
We conclude, therefore, that the facts as established by the record before us unquestionably support the trial judge’s determination that the plaintiff’s minor son was guilty of contributory negligence constituting the proximate cause of the accident. In view of this conclusion, we find it unnecessary to discuss the issue of the defendant’s negligence in allegedly failing to post sufficient signs within the area under construction.
For the foregoing reasons, the judgment of the district court is hereby affirmed at appellant’s cost.
Affirmed.